IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **VICTORIA NICHOLSON,** *et al.*, ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
| v. ) | **CIVIL ACTION 06-0635-WS-B** |
| ) | |
| **MIKE JOHANNS, SECRETARY, U.S.** ) | |
| **DEPARTMENT OF AGRICULTURE,** ) | |
| ) | |
|     **Defendant.** ) | |

**ORDER**

This matter comes before the undersigned on defendant's Motion to Dismiss (doc. 8) pursuant to Rules 12(b)(1), (2), and (6) of the Federal Rules of Civil Procedure. The Motion has been briefed, and is ripe for disposition at this time.

**I.   Background.**

Plaintiffs Victoria and Sam Nicholson brought this action against the United States Department of Agriculture (the "USDA") alleging racially biased treatment that deprived plaintiffs of their constitutional rights. (Complaint, ¶ 1.) Plaintiffs, who are black, contend that they obtained a home loan from the USDA, but that the USDA arbitrarily and discriminatorily placed their account in foreclosure. (*Id.*, ¶¶ 3-5.) According to the Complaint, the USDA discriminatorily forced plaintiffs to pay for unnecessary and duplicative insurance and advertising fees, and manipulated plaintiffs to pay more money than they owed via unfair and improper charges on their account. (*Id.*, ¶¶ 5-8.) This wrongdoing is alleged to have begun in April 2004, "continuing through December 2004, and beyond." (*Id.*, ¶ 7.) No definite terminus to the alleged wrongful conduct is alleged in the Complaint.

Based on these allegations, the Complaint asserts the following causes of action against the USDA: breach of contract, breach of the implied covenant of good faith and fair dealing, violation of 42 U.S.C. § 1981, violation of 42 U.S.C. § 1983, and violation of the Equal Credit Opportunity Act, 15

U.S.C. §§ 1691, *et seq.* (Complaint, ¶¶ 1, 9, 13, 15, 16.) Defendant now seeks dismissal of the Complaint on grounds of sovereign immunity, statute of limitations, and failure to state a valid jurisdictional basis.

**II.    Analysis.**

    *A.    Sovereign Immunity Defense.*

The USDA first takes aim at plaintiffs' claims against it under 42 U.S.C. §§ 1981 and 1983. Among other things, the USDA maintains that it is protected by sovereign immunity from suit under either of these sections. Defendant is correct.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Because sovereign immunity is jurisdictional in nature, the terms of the United States' consent to be sued in any court set the parameters of that court's jurisdiction to entertain the suit. *Id.* "It is well established in this circuit that the United States has not waived its immunity to suit under the provisions of the civil rights statutes." *United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982) (considering §§ 1981 and 1982); *see also Newsome v. E.E.O.C.*, 301 F.3d 227, 233 (5th Cir. 2002) (United States and its officials are entitled to sovereign immunity for civil rights claims because United States has not consented to suit).

With respect to § 1983, the statute has no application to the actions of the federal government or its officers acting under color of federal law, but is instead confined to deprivations under color of state law. *See, e.g., Mack v. Alexander*, 575 F.2d 488, 489 (5th Cir. 1978) (Section 1983 "provide[s] a remedy for deprivation of rights under color of state law and do[es] not apply when the defendants are acting under color of federal law"); *Rodriguez v. Ritchey*, 556 F.2d 1185, 1189 n.13 (5th Cir. 1977) ("Section 1983, however, does not apply to the actions of the federal government."); *Nghiem v. U.S. Dep't of Veterans Affairs*, 451 F. Supp.2d 599, 605 (S.D.N.Y. 2006) ("Actions of the federal government or its officers are exempt from the proscriptions of § 1983."). Clearly, then, the federal government has not waived its sovereign immunity by consenting to suit under § 1983, inasmuch as § 1983 on its face does not and cannot apply to the actions of the federal government.

Plaintiffs' § 1981 claim fares no better. That section does not contain the requisite waiver of sovereign immunity by Congress. *See Nghiem*, 451 F. Supp.2d at 604 ("the United States has not consented to be sued under § 1981"); *Norris v. Principi*, 254 F. Supp.2d 883, 889 (S.D. Ohio 2003) ("every court which has addressed the question has concluded that § 1981 does not constitute a waiver of the sovereign immunity for suits against the United States"). Moreover, like § 1983, § 1981 does not permit claims against federal defendants acting under color of federal law. *See Lee v. Hughes*, 145 F.3d 1272, 1277 (11th Cir. 1998) ("Both circuit precedent and the text of § 1981 compel us to hold that a plaintiff cannot maintain a § 1981 claim against a federal defendant acting under color of federal law."); *Dotson v. Griesa*, 398 F.3d 156, 162 (2nd Cir. 2005) (affirming dismissal of § 1981 claims for conduct pursuant to defendants' authority under federal, not state, law, reasoning that "under color of state law" requirement of § 1981 was not satisfied). As these authorities make plain, plaintiffs' claims against the USDA under § 1981 are barred because there has been no waiver of sovereign immunity, and because § 1981 does not apply to actions by the federal government under color of federal law.

In short, then, "a plain reading of §§ 1981 and 1983 indicates that these statutes do not apply to the federal government." *Harrison v. Potter*, 323 F. Supp.2d 593, 604 (S.D.N.Y. 2004). Confronted with these arguments, plaintiffs are silent; indeed, their opposition brief makes no attempt to rebut either the sovereign immunity or the facial inapplicability aspects of defendant's Motion to Dismiss concerning these causes of action.[1] Plaintiffs' § 1981 and § 1983 claims are properly dismissed.

### B.   *Statute of Limitations.*

In opposition to the Motion to Dismiss, plaintiffs make no persuasive attempt to revive their moribund claims under § 1981 and § 1983; however, they do point to their claim under the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 *et seq.* (the "Credit Act"). As to that claim (which defendant's Motion did not address), plaintiffs maintain that there has been a partial waiver of the

---

[1] At most, plaintiffs offer the following conclusory statement: "Plaintiffs submit that federal agencies are covered by the anti-discrimination language of the statutes." (Plaintiffs' Brief (doc. 19), at 2.) Plaintiffs cite no authority for this principle, which directly contravenes both the explicit "under color of state law" textual constraint of those statutes and the unambiguous body of precedents referenced above.

United States' sovereign immunity.[2]  The USDA offers no critique of plaintiffs' sovereign immunity argument with respect to the Credit Act claim, but instead insists that the Credit Act cause of action should be dismissed because the Complaint does not allege any violation within the two-year limitations period provided under 15 U.S.C. § 1691e(f).  (Reply Brief (doc. 21), at 1.)

Rule 12(b)(6) dismissal of a claim on statute of limitations grounds is an infrequent occurrence, inasmuch as the statute of limitations is an affirmative defense which plaintiffs are not required to negate in their complaint.  *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004); *see generally Flying Food Group, Inc. v. N.L.R.B.*, 471 F.3d 178, 183 (D.C. Cir. 2006) (plaintiff is not required to negate affirmative defenses in complaint, and allegations to avoid or defeat such defenses lie outside burden of pleading); *Thomas v. Independence Tp.*, 463 F.3d 285, 293 (3rd Cir. 2006) (rejecting unprecedented notion that plaintiff is required to plead allegations negating an affirmative defense).  In light of that fact, "a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred."  *La Grasta*, 358 F.3d at 845 (citations omitted).[3]  Here it is far from clear from the face of the Complaint that plaintiffs' Credit Act cause of action is time-barred.  To be sure, the Complaint, which was filed in

---

[2]  Specifically, plaintiffs note that the Credit Act, which prohibits creditors from discriminating against applicants in any aspect of a credit transaction, defines "creditor" as including any "government or governmental subdivision or agency" that regularly extends, renews, or continues credit, or arranges for such extension, renewal or continuation.  15 U.S.C. § 1691a(d),(f).  Further, the Credit Act states that "any creditor" violating the statute may be held liable to the aggrieved applicant, with the only limitation being that governments or governmental subdivisions or agencies cannot be liable for punitive damages.  *Id.* § 1691e(a),(b).

[3]  *See also Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n.13 (11th Cir. 2005) ("At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute.") (citation omitted); *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) ("a federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense," and Rule 12(b)(6) dismissal on limitations grounds is appropriate only if plaintiff "effectively pleads herself out of court by alleging facts that are sufficient to establish the defense"); *Spicer v. New Image Int'l, Inc.*, 447 F. Supp.2d 1226, 1232-33 (D. Kan. 2006) ("If the complaint alleges facts which on their face seem time-barred, plaintiff has an affirmative obligation to plead facts which defeat the statute of limitations.").

October 2006, references alleged wrongdoing in April and May of 2004. That conduct appears outside the two-year limitations period set forth in the Credit Act. But the Complaint also identifies alleged violations "continuing through December 2004, and beyond." (Complaint, ¶ 7.) Claims predicated on events occurring in and after December 2004 would unquestionably be timely. Accordingly, defendant is not entitled to a Rule 12(b)(6) dismissal of plaintiffs' Credit Act claim on limitations grounds, inasmuch as it is not apparent from the face of the Complaint that such a cause of action is time-barred.[4]

### C. Jurisdictional Basis of Complaint.

The § 1981 and § 1983 claims having been dismissed as not cognizable against a federal agency, plaintiffs' remaining claims are as follows: a federal statutory claim under the Credit Act, a common law claim for breach of contract, and a common law claim for breach of the implied covenant of good faith and fair dealing.

But simply asserting these causes of action is not sufficient for plaintiffs to withstand Rule 12(b) scrutiny. Under Rule 8(a), Fed.R.Civ.P., a complaint must include "a short and plain statement of the grounds upon which the court's jurisdiction depends." *Id.* As defendant correctly points out, the sole jurisdictional basis identified in the Complaint is 28 U.S.C. § 1343(a)(3). (Complaint, ¶ 1.) That section provides original jurisdiction "[t]o redress the deprivation, under color of any State law ... of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." 28 U.S.C. § 1343(a)(3). The citation of § 1343(a)(3) would be sufficient to create federal subject matter jurisdiction for a Complaint that states causes of action under § 1981 and § 1983. But those civil rights claims are being dismissed for failure to state a claim on which relief can be granted. In light of that development, on what basis do plaintiffs invoke federal subject matter jurisdiction? Section 1343(a)(3) is plainly no longer available to them. Their Complaint pleads no alternative basis for

---

[4] In the alternative, defendant points out that the Credit Act claim is not mentioned until the last paragraph of the Complaint. (Reply Brief, at 1.) Be that as it may, the Complaint does appear to state a claim (albeit in skeletal form) under the Credit Act, and defendant has not shown that the lack of more extensive verbiage concerning such claim is a viable basis for Rule 12(b)(6) dismissal here.

subject matter jurisdiction, and their briefing is silent on this question, even though defendant expressly raised it in the Motion to Dismiss. It is incumbent on plaintiffs to identify a valid basis for invoking the subject matter jurisdiction of this District Court, in the wake of the eradication of their § 1343 ground. To enable the Court to evaluate the present jurisdictional posture of this case, plaintiffs must submit a memorandum of law, amended complaint or other pleading (as they see fit) that delineates the basis on which subject matter jurisdiction is invoked for plaintiffs' remaining causes of action under the Credit Act, for breach of contract, and for breach of the implied covenant of good faith and fair dealing.

### III.    Conclusion.

For all of the foregoing reasons, defendant's Motion to Dismiss (doc. 8) is **granted in part**, and **denied in part**. Plaintiffs' claims under 42 U.S.C. §§ 1981 and 1983 are **dismissed with prejudice** under principles of sovereign immunity and the inapplicability of those sections to the federal government or its agencies, pursuant to Rule 12(b)(6), Fed.R.Civ.P. The Motion to Dismiss is **denied** insofar as it seeks dismissal of plaintiffs' Credit Act claims on limitations grounds. Plaintiffs are **ordered**, on or before **February 28, 2007**, to file a memorandum of law, amended complaint or other pleading that explains how federal subject matter jurisdiction over the remaining causes of action is proper. If they so desire, defendants may file a renewed motion to dismiss on subject matter jurisdiction grounds on or before **March 12, 2007**.

DONE and ORDERED this 15th day of February, 2007.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE